IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL PEEKS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 06-1146 |
| ) | |
| v. ) | Judge Conti |
| ) | Magistrate Judge Caiazza |
| COMMONWEALTH OF PENNSYLVANIA, ) | |
| BOARD OF PROBATION AND PAROLE, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Michael Peeks be dismissed and that a certificate of appealability be denied.

### II.   REPORT

The Petitioner, Michael Peeks ("Peeks" or "the Petitioner"), is a state prisoner incarcerated at the State Correctional Institution at Somerset, Pennsylvania. He is serving a sentence of three to six years for Robbery and Simple Assault. The sentence was imposed in April, 2003, by the Court of Common Pleas of Luzerne County, Pennsylvania. He asserts in this federal habeas petition that he has been denied parole in violation of his constitutional rights.

The record reveals that the Petitioner was denied parole on April 13, 2006. In denying Peek's parole request, the Pennsylvania Board of Probation and Parole ("the Board") cited

his "lack [of] remorse for the offense(s) committed[,] [his] prior history of supervision failure(s)[,] [and his] interview with the hearing examiner . . . ." (Doc 11, Ex. A). The Board also wrote that at Peeks' next parole hearing in October, 2007, it will consider whether he has completed the recommended institutional programs.

Peek argues that the denial of his parole request is unconstitutional in three respects: (1) he is being denied parole because of a lack of remorse, even though he pled guilty to the underlying charges; (2) he has already completed the recommended institutional programs; and (3) the staff at the State Correctional Institution at Smithfield -where he was formerly incarcerated- is retaliating against him because he commenced a lawsuit against them.

A. **Exhaustion**.

Peeks concedes that he never attempted to appeal the Board's decision in state court. The only remedy available for a Pennsylvania prisoner who seeks to appeal the denial of parole in state court is through a petition for writ of mandamus in the Commonwealth Court of Pennsylvania. DeFoy v. McCullough, 393 F.3d 439, 444-445 (3d Cir. 2005). This remedy, however, is not available to petitioners who - like Peeks- assert that the state parole board considered improper factors in their determination. Id. Thus, there is no requirement for Peeks to seek review in the

Commonwealth Court of Pennsylvania before filing the instant federal habeas petition. Id. ("[W]e conclude that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion.").

B. **The Merits**.

There being no procedural bar to review, the court will turn to the merits of Peeks' federal habeas petition. "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir.1996); Rauso v. Vaughn, 79 F. Supp.2d 550, 551 (E.D.Pa.2000); Rogers v. Pa. Bd. of Probation and Parole, 555 Pa. 285 (1999). Because Peeks cannot establish that he has a liberty interest in parole, he has not demonstrated a violation of a protected procedural due process right.

The Court of Appeals for the Third Circuit, however, has held that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system, all prisoners have a liberty interest flowing directly from the due process clause in not being denied

3

parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir.1980); see also, Rauso, 79 F. Supp.2d at 551. Claims under Block are based on substantive due process.

To the extent Peeks argues that the Board arbitrarily and capriciously relied on unconstitutional factors or incorrect information to deny his application for parole, he nonetheless has failed to establish a violation of his substantive due process rights. That said, the Supreme Court has stated that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (citing and quoting Perry v. Sindermann, 408 U.S. 593, 597 (1972)). As examples, under a substantive due process analysis, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights. Burkett, 89 F.3d at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Block, 631 F.2d at 237.

Pennsylvania law grants the Board broad discretion to refuse or deny parole. Under state law the Board is authorized:

> To release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to the [B]oard ... whenever in its opinion the

4

> best interests of the convict justify or
> require his being paroled and it does not
> appear that the interests of the Commonwealth
> will be injured thereby.

61 Pa. Cons. Stat. Ann. § 331.21(a). The factors which the Board may consider is broad and include:

> ... the nature and circumstances of the
> offense committed ... the general character
> and background of the prisoner ... the
> conduct of the person while in prison and his
> physical, mental and behavior condition and
> history ....

61 Pa. Cons. Stat. Ann. § 331.19.

Here, Peeks argues that it was improper for the Board to consider a lack of remorse for the offenses he committed because he pled guilty to the underlying criminal charges. First, there is no provision in Pennsylvania law which prohibits the Board from citing a lack of remorse when considering parole applications. Second, a guilty plea is not necessarily evidence of remorse. It may be nothing more than a recognition of the strength of the Commonwealth's case or the result of a plea agreement. Likewise, the Board may properly consider Peek's history while incarcerated as well as his interview. Parenthetically, the Board did not deny his parole request because he failed to complete recommended institutional programs. Instead, the Board merely listed the completion of programs as a factor it would consider when Peeks is again considered for parole. Even if the Board failed to recognize the programs

5

completed by Peeks, the error -if indeed there was one- does not serve as a basis for a substantive due process violation. See Burkett, 89 F.3d at 149.

Finally, Peeks asserts that staff at the State Correctional Institution at Smithfield ("SCI-Smithfield"), where he was formerly housed, have retaliated against him in some unspecified manner because he filed a lawsuit. As recognized elsewhere here, the court does have the power to review the denial of parole where the decision was made in retaliation for the prisoner's exercise of his constitutional rights. Burkett, 89 F.3d at 140. That precise claim, however, was not alleged by Peeks. He claims, instead, that personnel at SCI Smithfield have retaliated against him in some unspecified way because he sued institutional personnel. Significantly, Peeks does not allege that any member of the Board acted with an improper motive, or that it was influenced by Peeks' prior lawsuit. Consequently, he has failed to establish a "causal link between his previous lawsuits and his parole revocation." Razzoli v. FCI Allenwood, 200 Fed.Appx. 166, 168 (3d Cir. 2006), citing Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

In summary, Peeks has not established that he was denied parole for an improper reason.

C.  **Certificate of Appealability**

Section 102 of AEDPA, 28 U.S.C. § 2253(c), codifies

standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Peeks has not satisfied his burden. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

It is respectfully recommended that the Petition for Habeas Corpus filed by Michael Peeks be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due by May 16, 2007. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza<br>
Francis X. Caiazza<br>
United States Magistrate Judge

Dated: April 30, 2007

cc:
MICHAEL PEEKS
FL-6741
SCI Somerset
1600 Walter Mills Rd
Somerset, PA 15510